Good morning, Your Honors. May it please the Court, Ben Wiesner. Excuse me, just one second because we're still unpacking over here. Oh, I saw my time starting. We'll start now after he gets his papers ready. It's just you can't see behind you, and he's still getting his papers out of his briefcase. Jesse has to catch up with me, Judge. I know, but I'm just trying to get everybody on an equal footing here. All right, he has his pad out. You may go. Thank you. Again, good morning, Your Honors. Ben Wiesner for Mr. Palafox Padilla, the petitioner in this matter. I don't think we can avoid the conclusion that this case has to be remanded, and it has to be remanded for a number of reasons. First and foremost, the BIA simply applied an old standard. They applied to the withholding claim the one central reason standard that's applicable to asylum cases, but which this Court held is not applicable to withholding cases, Barajas-Romero v. Lynch. So on that ground alone, the BIA has to redo its analysis. I think more critically, though, Your Honors, the record in this matter is, I believe, woefully inadequate. The petitioner, my client, was unrepresented during the proceedings before the immigration judge, and it's well established that immigration judges are under a heightened obligation to develop the record for aliens who appear pro se before them. In this case, one of the primary issues on appeal, and what the government is primarily arguing, is that there's no evidence that my client was attacked because he's gay. My client claimed that he was attacked. Well, obviously, his attacker was a pedophile because my client was only 11 years old when he was raped. Well, that's simply a conclusion that my client came to some 20 years, 20 or some odd more years later. The immigration judge and the counsel for the department never asked that question. So they never inquired as to whether my client self-identified as gay or homosexual. They never asked whether Mr. Garcia, the man who attacked my client, said anything during the rape. We don't even know what kind of rape it was. Unfortunately, there are many. So the record here, I believe, is inadequate. I believe that the judge failed to fully develop the record, and this question as to the attacker's precise motives has become one of the central issues on appeal, and yet I believe that the record is inadequate to determine properly that question in the first instance. So are you making this charge under the substantial evidence doctrine or the due process, which I thought was more focused on the Spanish-speaking witnesses? Your Honor, I'll concede that there was no due process violation on that, on the Spanish-speaking witnesses. So that issue is off the table. Now, the problem is that on appeal, the central focus, the motive of the attacker, is the immigration court proceedings brushed that aside. They said, well, he was obviously a pedophile, and that's it. They didn't inquire of my client what was going on before that in his life. They didn't inquire whether of the details of the attack. I know it's probably difficult to talk about, and maybe that's why the judge didn't delve further into it. But there is evidence in the record. Neither one of us briefed this. Neither one of us saw this. I was going over it. My client said that he was having problems in school because he was gay. Kids were laughing at him. He said he was teased. He said he was teased. He said that. Yeah. I don't believe either one of us brought it up in briefing, but that's at least some evidence that my client... We discovered it in reviewing, but I guess I'm back to my first question, is if I'm trying to figure out what issues are on appeal, your first argument about not helping him out and not providing the appropriate support appeared to be more of a due process argument. It is, Your Honor. It must be. And the only due process argument I saw in the brief had to do with this Spanish-speaking witness who they basically stipulated what she would testify to. So how can we consider your argument within the context of what was appealed? I'm just trying to understand that. Because what was appealed was this question of motivation, the nexus argument. And whether my client's homosexuality is a reason or one central reason, I don't believe we can answer that based upon this record. One of the problems is all the briefs were filed before we decided to bring in Rodriguez. And Barajas. And Barajas. So that's one of the problems. It's a big problem. Yeah. And so I think the remedy for that would be to remand and let the IJ analyze it under those decisions in the first instance. I would heartily agree, Judge. Not us. I don't think we can be analyzing it under those circumstances. Right. I think the IJ has to have a first crack at this because of these changes in law that are directly relevant. If the Court has any other questions, I'm happy to answer them. But one thing I want to make sure that I'm not waving on appeal is the one-year bar. And I want to bring up something that, Judge Wardlaw, you wrote about in Bringas-Rodriguez. In Bringas, it's clear that Bringas did not file his asylum application within a year of his arrival. He was over 20 years old. Right. And in his asylum application or in the record, he said, I didn't know about asylum until an ICE officer told me about it. Okay. Now, we've held before and we've seen before this standard rule about how extraordinary circumstances don't excuse the one-year bar. The ignorance of the law argument, I think, is extraordinarily weak because we apply it in criminal matters because we, as a moral society, have duties not to assault and commit crimes against one another. In civil law, the main idea is fairness to the other party, you know, the statute of limitations on civil actions or proof of causation of personal injury actions. None of those considerations are present when applying the one-year bar in cases like this where somebody arrives here as a child. They don't know that they can apply for asylum until all of a sudden somebody tells them they can apply. And then they apply in this case. If somebody had prior knowledge that this one-year bar was there and didn't apply, then obviously it would apply to that person. So it's – Well, I think that it's clear that if you arrive as a child, in effect, there's like a tolling. Yes, Judge. You know, until you get old enough. But then the question is what's reasonable after that point? Correct, Judge. So what are the countervailing points that you would raise here or the precedent that you think would make this – I think it's 11 years? There's no precedent, Judge. All the precedent is against this argument. However, I think it's a chance to revisit it because I believe applying the one-year bar to cases like this is arbitrary. Well, isn't there – I mean, if we were to – I don't know. I don't know. I think our cases say we look at whether it was reasonable to have waited for 11 years. Didn't we look at the reasonableness of the time? Maybe. That would be one of the factors. That's what the cases say. Is the delay reasonable once you're age of maturity? Obviously, you don't have to file the next day, but how long can you wait? Well, okay, for example, let's say a family comes here with young children and the parents apply for asylum, but for whatever reason, the children are left out. The children are raised here their entire life. That happens. They go to high school. They graduate. They go to college. And then all of a sudden, they get a DUI, just like my client did here. And then they say, wait a minute, you can't send me back. I'm going to be killed or I'm going to be persecuted. Why should we apply that one-year bar to them? Again, it seems the way we apply it now to me seems arbitrary, and I don't think that's enough. All right. Okay, I'll save the rest of my time, just a couple seconds for rebuttal if necessary. Thank you. May it please the Court. My name is Jesse Lorenz, and I represent the Attorney General of the United States. This Court should decline to disturb the Board's decision because record evidence fails to compel the conclusion that Mr. Palafax is eligible for asylum, withholding of removal, and cap protection. I'd first like to address his argument regarding the one-year bar. That's a statutory rule. Here we have an immigration judge and the Board who gave the petitioner the benefit of the doubt that he wasn't required to file as a minor, but we have a nine-year gap between when he reached the age of adulthood and when he actually filed his application for asylum, and we have really no explanation as to why he didn't file within a reasonable period of time. We don't know why he was unable to. We have an explanation of ignorance of the law, but as this Court has held, that's an inadequate explanation. Moving to withholding of removal, it's the government's position that this case does not have to be remanded for either Bringas Rodriguez or Barajas. Regarding Barajas, both the immigration judge and the Board found, although they cited to the one-centure reason standard, they found that the past harm was not motivated in any part. The problem I have, though, is he was pro se, and the IJAs under their regulations have to fully develop the record, but I don't think they could fully develop the record given that the decisions that set out the relevant standards and things that needed to be developed hadn't even issued yet. And so, I mean, it seems to me at least unfair not to give him a chance to develop the record. And you may be perfectly right. I mean, this may not have been the motivation for his sexual orientation. It may not have been, but the record just wasn't developed consistently along the lines with the standards that our own bond court has now enunciated. Well, Your Honor, I understand your concerns. And I think here we do have a ñ the record would support the government's position that he did have a fair opportunity to develop the record. I mean, he was given several continuances to obtain an attorney. He did not do so. He chose to go on by himself, and the immigration judge didn't really curtail his testimony in any way. He allowed him to ñ he asked full ñ you know, he asked open-ended questions. He asked him why he was raped by this individual Garcia. You know, he initially said he didn't know why he was raped. And then, you know, when asked ñ you know, you mentioned in your asylum application that you were raped because you think he's a pedophile. And he said, yeah, I assume that's so. So it's not that he wasn't given the opportunity to identify the motive. He just identified the motive as pedophilia. And later on, regarding the attack on his home, he identified the motive as, you know, Mr. Garcia threatened me not to tell the police. I told the police, and then he came after me. And that was ñ that was what he identified below. So even with, you know, Barajas moving from the one-century reason standard back to the old pre-Royalty Act standard, I think that the motive is still the same. If he doesn't show in any part that the motivation was the motive. Right. But, like, as in Briggs v. Rodriguez, even if he was a pedophile, that doesn't eliminate the motivation that he preyed upon Palifax. That's ñ you were correct to call him Palifax. He preyed upon Palifax also because of his sexual orientation. It doesn't eliminate the motivation at all. Sure. Sure. And it doesn't. But I think when we compare the records here and in Bringas, we have just markedly different records. I mean, we have in Bringas ñ But that's because Bringas was so fully developed. Well, sure. But, I mean, it's not that he wasn't given the opportunity to identify any other motive. I mean, I think tellingly here he's asked by the immigration judge or DHS counsel, you know, what happened to you when you were in school? And he says, well, I was teased because I was gay. And then shortly thereafter he's asked, well, why were you raped? And he says, oh, because Mr. Garcia was a pedophile. So we have the ñ he has had the opportunities to make the connection. He just ñ he didn't do so. And I think that's the important difference here. You know, in Bringas v. Rodriguez, he testified that, you know, I was raped because they told me that I'm gay. And here we don't have that. He says he was raped because he's a pedophile. But, of course, we don't have the immigration judge saying, well, you know, are these one and the same in his mind? I mean, being a pedophile and a pedophile against a gay kid, in his mind they may be one and the same. And so why doesn't the IJ at least need to inquire? Because we now have these two pieces of evidence which aren't inconsistent at all. The pedophile could well include targeting. Well, I think we go back to the substantial evidence standard for my answer here. And there's just no record evidence compelling the conclusion that Garcia wasÖ But that doesn't get to the point of linking up the evidence for the immigration judge to make the inquiry. Well, sure. I guess my point would be is that I just don't think that he was not afforded the opportunity. I think he had the opportunity to make the connection. And it's not the immigration judge's job to fully develop his claim. Certainly, he has to give them a full and fair opportunity. But, I mean, he wasÖ If he just CFR talks about that he does have that obligation when the person is pro se, I'm pretty sure it's in there. I looked at it a few times. But we would not, I mean, in my mind, I would not even be saying that on this record that the IJ, on this record, that there was not substantial evidence. What I'd be saying is given the subsequent case law that's changed our law in significant ways, that a remand would be more appropriate than really actually making a merits ruling. Well, and, Your Honor, I guess I'm just going to have to respectfully disagree with that. I think that we have a fully developed record here. I just think that the case evidence is markedly different from what we had in Bringus. And I think even under the Barajas change in the withholding of removal standard, I think we have an immigration judge and board finding that homosexuality or sexual orientation played no part in this and that a remand would be unnecessary becauseÖ Yeah, and I also think that there's been a lot of development in the thinking about these issues, even at the board level and the immigration judge level in these past few years since this briefing was even filed. I've seen that there's just been a greater understanding of these kinds of issues with time. I don't really have any evidence to dispute that. I guess I don't know for a fact if that's the case. I guess I just see so many of these cases. Sure. And that's fair. And I guess my point is that we just feel like the record was, you know, that Mr. Palafax had a fair opportunity to develop the record. And this is what it was developed as, is the motive for the rape was pedophilia and then the motive for the later attack on his house was an act of revenge. And without the nexus connection in the past persecution, we don't have the presumption of a clear probability of future persecution. So then we look at what Mr. Palafax presented in the future. He basically, before the agency, alleged that he feared that Garcia would still seek revenge and also he alleged that he just feared general conditions in Mexico. Now, we think that the second argument, the general conditions, was waived by Palafax on appeal. But regarding the first one, he hasn't seen Palafax, I'm sorry, he hasn't seen Mr. Garcia in more than 15 years, doesn't know anything about him, testified that he didn't know what happened to him, doesn't know anything about him, and also a fear of revenge doesn't establish the nexus to a protected ground. Also regarding the evidence of future country conditions, Mr. Palafax never set forth any individualized fear. He didn't set forth any evidence suggesting that he had an individualized fear based on the general country conditions. He just argued basically that he had a fear based on the conditions and that's just simply not enough or insufficient. Your Honors, I think if there's nothing more, I can conclude if you have no further questions. I think not. Thank you. Okay. Thank you. We submit then. Does the Court have any specific questions for me? I would just like to point out then, let's assume that my colleague is right and that the record is sufficient. I'd like to posit a hypothetical. What if my client was a woman and she is a lesbian and she suffered an attack by a man when she was a child? Well, would we come to the opposite conclusion? Mr. Palafax is gay. He always has been gay. He always will be gay. Okay. And that's in the record. To say that this attack wouldn't have happened, I don't know, to say that his attack wasn't motivated at least in part by those interests, I think is putting blinders on. So even if my colleague is right, I think we have to remand the case. I think we have to grant this petition. Thank you. Is there something else? No. Thank you, Judge. There's nothing else. Thank you. Thank you both for your argument. The case just argued is submitted.
judges: McKeown, Wardlaw, Quist